**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| GREAT NORTHERN PAPER, INC., ) | |
| ) | Case No. 03-10048 |
| Debtor ) | |
| _____ ) | |
| ) | |
| GARY GROWE, CHAPTER 7 TRUSTEE, ) | |
| ) | |
| Plaintiff ) | Adv. Proc. No. 05-1015 |
| ) | |
| v. ) | |
| ) | |
| MENDEL SCHWIMMER, et al. ) | |
| ) | |
| Defendants ) | |

### MEMORANDUM OF DECISION

Default was entered against three of the defendants in this adversary proceeding, Mendel Schwimmer, Marmin Paper, Inc., and Merisch Enterprises, Inc. (collectively, "Defendants").[1] Plaintiff ("Trustee") seeks entry of default judgment; Defendants seek to extend the time to answer and to set aside the default, and oppose entry of default judgment. Defendants have demonstrated the good cause required to set aside default, and their motions will be granted. The Trustee's motion for default judgment will be denied.

**Background**

The Trustee's eleven count complaint was filed on January 7, 2005. The complaint seeks to recover, under theories of preferential transfer, fraudulent transfer, and piercing the corporate veil, the following amounts: $3,450,000 from Marmin, $1,492,932.50 from Merisch, and

---

[1] The other defendant, Inexcon Maine, Inc. ("IMI"), was served by mail on January 10, 2002 and timely answered.

$3,594,132,15 from Schwimmer. The complaint and summons were served on the Defendants by mail: Schwimmer on January 10, 2005; and Marmin and Merisch on January 12, 2005. The official summons was dated January 10, 2005 and required each Defendant to file a motion or answer to the complaint within 30 days after the date of issuance of the summons. On the thirty-first day after issuance of the summons, February 10, 2005, the Trustee requested that default be entered against Defendants. The clerk entered default approximately two weeks later, on February 23, 2005. On March 1, 2005, the Defendants filed an answer, without a request to file a late answer or a motion to set aside default. Later, on March 10, 2005, they filed a motion to set aside default and to enlarge time to answer.

Discussion

F.R.Civ.P. 55, made applicable by virtue of F.R.Bankr.P. 7055, provides that an entry of default may be set aside "for good cause shown". The burden of demonstrating good cause is on the moving party. See Curtin v. Proskauer, 2002 U.S. Dist Lexis 3276, p. 5 (D. Me. 2002). Setting aside a default is committed to the sound discretion of the court. See Coon v. Grenier, 867 F.2d 73, 75 (1st Cir. 1989). In determining whether good cause exists, the court should consider why the defaulting party failed to appear, whether the party has a meritorious defense, and whether setting aside the default will prejudice the party who secured the default. FDIC v. Francisco Investment Corp., 873 F.2d 474, 478 (1st Cir. 1989). The court should also bear in mind "the strong public policy, supported by concepts of fundamental fairness in favor of trial on the merits, particularly when the monetary damages sought are substantial." Key Bank of Maine v. Tablecloth Textile Co., 74 F.3d 349, 355 (1st Cir. 1996)(quoting Swink v.City of Pagedale, 810 F.2d 791, 792 (8th Cir. 1987). Any doubts should be resolved in favor of a party seeking

relief from entry of a default. Coon, 867 F.2d at 76.

By consent of the parties, the evidence to be applied to the legal standard will by the affidavits and attachments submitted by each side in support of the motion and response.

1.  Failure to answer

The Defendants make two arguments as to why they did not answer the complaint: (1) the complaint was served by mail rather than personal service; and (2) they hoped or believed that this adversary proceeding would be resolved by mediation or other settlement of two actions pending in the U. S. District Court for the District of Maine (the "D&O Actions").

I am unpersuaded by the first contention. F.R.Bankr.P. 7004(b)(1) clearly permits service of a complaint by mail, as was done here. The Defendants acknowledge that service was completed by mail and they do not dispute the validity of service by mail in bankruptcy adversary proceedings. Their argument that service in hand would have been a more effective way of getting their attention is not good cause for their failure to answer.[2]

The Defendants' second contention, that they hoped that resolution by mediation of the D&O Actions might dispose of this action, is less than convincing. The affidavit of Melissa Hewey, an attorney representing the Trustee in the D&O Actions, establishes that a two day mediation of the D&O Actions occurred during the first week of January, 2005, and that a tentative settlement was reached during the mediation. Mr. Schwimmer's affidavit states that the mediation resolved not only the D&O Actions but other ancillary causes of action and that it was

---

[2] The Trustee suggests that one or more of the Defendants may have attempted to evade service in another civil action. There is no evidence of such evasion, and even if an evasion had occurred in another action, it would not necessarily be probative of anything here. No weight is given to the Trustee's suggestion in this regard.

3

his hope that that settlement would encompass the current action. Nothing in the record before me on this motion supports the notion that the Trustee ever intended to resolve avoidance actions that are the subject matter of this adversary proceeding in the settlement of the D&O Actions. Nor is there anything in the record to suggest that Mr. Schwimmer's hope of settlement, whether realistic or not, was manufactured or suggested in bad faith. The competing affidavits present a doubt whether default should be set aside. That doubt, and the public policy favoring trial on the merits, weighs in favor of Defendants. See Coon, 867 F.2d at 76; Tablecloth, 74 F.3d at 355.

2.  Meritorious defense

The significance of a meritorious defense is that, if good cause for the default is shown, the matter may proceed to trial on the merits. In the absence of a meritorious defense, there would be no point in setting aside the default. The Defendants have presented evidence, through Mr. Schwimmer's affidavit, that they have ordinary course of payment defenses. This is a sufficient showing of a potential defense. See Francisco, 873 F.2d at 479.

3.  Prejudice

This factor assesses whether the Trustee is prejudiced by setting aside default. "The issue is not mere delay, but rather is accompanying dangers: loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion." Id. Prejudice in connection with timing is not an issue in this case. The Trustee requested a default one day after the answer deadline, and within a month the Defendants had answered, moved to file a late answer, and moved to set aside the default. The only prejudice suggested by the Trustee is his assertion that the Defendants are or claim to be nearly insolvent and may have transferred all or a substantial part of their assets in an effort to preclude the trustee from collecting any judgment.

Having carefully reviewed that referenced pages of the transcript of Mr. Schwimmer's Rule 2004 examination, I do not find that they support the Trustee's argument.

The Defendant's motions to extend time to answer and to set aside default will be granted, and the Trustee's motion for default judgment will be denied.

A separate order will enter.

DATED: June 3, 2005

_____
Louis H. Kornreich
Chief Judge, United States Bankruptcy Court